Michael J. Franchek and Minor Child, JF - pro se Defendant(s)
2100 Park Ave. #682822
Park City, Utah 84060
(435) 659-7648
Michaeljfranchek@gmail.com

**(C- Statement of Facts: Franchek(s) vs. Park City Municipal Corporation and Named Police Officers)**

UNITED STATES DISTRICT COURT DISTRICT OF UTAH- CENTRAL DIVISION

Michael J. Franchek, JF (a Minor Child): Plaintiffs,

- v Park City Municipal Corporation; Officers James Rodrigues, Keltsey Ware, Craig Proctor and Sgt Cameron Thor, Officers of Park City Police Department, COMPLAINT individually and in their official capacities, while acting as sworn officers and under the color of Utah State Law: Defendants.

JURISDICTION & VENUE 1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

*Qualified Immunity and* **42 USC § 1983 lawsuits**

Plaintiff(s) submit that Defendant(s) are not entitled to Qualified Immunity protections as Cited below:

Qualified immunity frequently arises in civil rights cases,[7] particularly in lawsuits arising under 42 USC  Under 42 USC § 1983, a plaintiff can sue for damages when state officials violate their constitutional rights or other federal rights. The text of 42 USC § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...

**Cause of Action:**

On September 29, 2019 in the mid afternoon, Officers James Rodrigues, Craig Proctor and several other Park City Ut Police presented themselves at the Franchek residence at 48 Spaulding Court in Park City Utah. During the course of this interaction, that lasted several hours, Officers Rodrigues, Ware and Sgt. Cameron Thor did knowingly violate Michael Franchek and his minor child J. Franchek's Civil Rights. These include violations of their 1st Amendment, 4th Amendment and 14th Amendment while acting under the Color of Law.

Officers Rodrigues and Proctor were the first officers to arrive on scene. They were allegedly responding to a complaint of a verbal disagreement between neighbors.

Officer Rodriguez rang Mr. Franchek's doorbell. Mr. Franchek presented himself in the doorway of his home and pleasantly introduced himself to Officer Rodrigues and shook his hand. This entire incident was captured on multiple security, personal and Park City Police Body worn cameras.

Mr. Franchek requested that Officers Rodrigues and Thor, identify themselves as required by Park City PD official policy. At that point, Officer Rodrigues became visibly enraged and began screaming at Michael Franchek to exit his property and come onto the common grounds of the condo complex. Mr. Franchek, in fear for his safety exercised his right to remain in his home and shut the door to his home.

At this point, Officers Rodrigues and Proctor effected forced entry into the Franchek residence breaking the door and causing damage to the wall of the residence. The minor child, J. Franchek witnessed this and video recorded the entire incident. Officer Rodrigues continually screamed "where is the gun" to which Mr. Franchek replied, "there is no gun" and pulled up his light athletic shirt and pivoted to display that he was not armed.

Officer Rodrigues proceeded to assault and batter Michael Franchek while trying to make an unlawful arrest after executing a warrantless entry. At no time did Michael Franchek threaten, resist or intimidate the two armed officers. Rodrigues and Thor then requested that Michael Franchek exit the residence, which Michael Franchek complied with. As Michael Franchek was complying and walking out his door, Rodrigues deployed a taser device on Michael Franchek. Officer Rodrigues has a documented pattern of previously deploying tasers illegally and excessive force.

At this point, Supervisor Sgt. Cameron Thor arrived on scene. Michael Franchek was being handcuffed by Officers Rodrigues and Proctor and Jack Franchek was inside the residence filming. Sgt Thor's first action was to strike out at the minor child J. Franchek and (as Thor admits in his report) try to stop the child from recording his father's arrest. This is a clear violation of J. Franchek's 1st, 4th and 14th amendment rights. The child was able to retain his device and continue recording.

Michael Franchek was then wrongfully detained without any incident or resistance. This can be seen on video, when Ofc. Proctor verbalizes to both Francheks that Michael was not resisting. Michael Franchek exercised his 5th Amendment rights at all time and verbalized (on video) his desire to make no statements and his desire to be represented by counsel. Despite this, Officer Rodrigues stated that Michael Franchek was under arrest for "resisting arrest" which first requires a lawful arrest to have occurred. There had been none.

While on scene, minor child J. Franchek continued to video record, from approximately 30 feet away, while standing on his private property. Both Officers Rodrigues and Ware assaulted and threatened J. Franchek and attempted to stop him from recording the incident. This was all captured on video. J. Franchek calmly reminded the Officers of his right to record and succeeded in doing so, despite being assaulted, threatened and battered by several armed officers. The Officers actions constitute violations of J. Franchek's 1st, 4th and 14th amendment rights.

Further, throughout the ensuing several hours, Sgt. Thor (on recordings) continued to attempt to interrogate Michael Franchek (in violation of the 5th amendment), both on scene and at the Intermountain Medical Center where Michael Franchek was being treated for injuries rendered to him by the Officers. At no time were any Miranda warnings issued.

While Michael Franchek was being treated at the Intermountain Hospital, Officer Thor and Sgt Ware conspired to fabricate charges against Michael Franchek. They clearly had no probable cause, no crimes had been committed and no warrant issued. The Officers had all committed grave Civil Rights violations upon the Franchek's and acknowledged that Michael Franchek would be "making complaints" and needed to fabricate charges to cover their violations. They met (on camera) and fabricated minor and unfounded charges that were dismissed immediately by the Utah 3rd District Court.

Michael Franchek was remanded to the Summit County Jail for several hours and posted cash bond and was released early on the following morning (September 30, 2019).

Subsequent to this, Michael Franchek filed Internal Affairs complaints against Sgt Thor, Officer's Rodrigues and Ware. All officers were found guilty of Park City Police Department Policy Violations detailed below:

**Officer Rodrigues: (5 Counts)**

Violation of Police Recording Policy (itself a 1st Amendment violation)

Violation of Prisoner Management (locking Michael Franchek in a hot car with no AC, after having been tased- potentially causing death (according to PCPD Internal Affairs)

Violation of Dependent Children Care- Failing to contact a responsible adult after a stressful scene where the Parent was arrested

Improper Report Preparation -- falsifying and excluding key details from police report

Rules of Conduct- Numerous violations

**Sgt Thor: (3 Counts)**

Violation of Police Recording Policy (itself a 1st Amendment violation)

Violation of Prisoner Management (locking Michael Franchek in a hot car with no AC, after having been tased- potentially causing death (according to PCPD Internal Affairs)

Violation of Dependent Children Care- Failing to contact a responsible adult after a stressful scene where the Parent was arrested

**Ofc Ware: (1 Count)**

Violation of Police Recording Policy (itself a 1st Amendment violation)

As a result of this incident, the entire Park City Police Department were required to attend a training on 1st Amendment law. This confirms that 1st amendment violations had occurred.

Officers Rodrigues and Sgt Thor were issued reprimands and corrective actions, that if not completed could result in their dismissal from the Park City Police Department. Both officers failed to complete their assigned corrective actions and were subsequently dismissed by Park City Police Department.

In summary, the actions of these Officers constitute clear and egregious violations of Claimant(s) Franchek(s) 1st, 4th and 14th Amendment rights. Michael Franchek was physically battered, unlawfully detained for several hours and falsely arrested by defendants.

The minor Child, J. Franchek was physically battered, assaulted, threatened and placed at risk by the actions of the defendants. This child is emotionally scarred by the incident and to this day has a fear of police and has frequent nightmares about the incident.

**Park City Municipal Corporation Liability:**

Plaintiffs submit that Park City Municipal Corporation is a valid defendant and has liability in this case. This is due to failure to properly supervise and train Officers of the Park City Police Department. Park City Municipal Corporation was aware of previous charges substantiated against the initiator of the

incident, Officer Rodrigues, and failed to protect the Plaintiff's from the actions of a known abusive Officer. Further, Park City Municipal Corporation failed to supervise Park City Police and knowingly allowed unqualified Supervisors (eg. Sgt Thor) to manage Park City Police Officers.

**Previous Lawsuits and Administrative Relief:**

Defendant(s) sought administrative relief through the State Of Utah Peace Officer Standards and Training Division (POST). The POST investigation was underway and suddenly shut down by the POST Director. Defendants were told by the POST Investigator that they were ordered not to proceed by their commander. Defendants are aware that the Chairman Of the POST Board is the Park City Chief of Police, Wade Carpenter, who is the Commander and highest authority for all of the accused Law Enforcement Officers.

**Remedy sought by Plaintiffs include:**

1) Public and written apology by Park City Police and City of Park City, Utah to Plaintiff(s)
2) Compensatory damages caused on both Plaintiffs by Defendant(s)
3) Punitive damages caused on both Plaintiffs by Defendant(s)
4) Compensatory damages for medical treatment for injuries caused by Defendants to Plaintiff
5) Compensatory damages caused to Plaintiff's home by Defendant(s)
6) Compensation for Plaintiff's legal fees by Defendant(s)
7) Any other relief that this Court finds to be fair, just or equitable.