HEATHER S. WHITE (7674)
DANI N. CEPERNICH (140151)
BRYSON R. BROWN (14146)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
hsw@scmlaw.com
dnc@scmlaw.com
bb@scmlaw.com

*Attorneys for Defendants*

---

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

---

| | |
|---|---|
| MICHAEL J. FRANCHEK, an individual, and JF, a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORPORATION, OFC. JAMES RODRIGUES, SGT. CAMERON THOR, OFC. KELTSEY WARE, OFC. CRAIG PROCTOR,<br><br>Defendants. | **PARK CITY DEFENDANTS' MOTION TO DISMISS OR STAY**<br><br>Case No.: 2:21CV563 DBP<br><br>Judge: Dustin B. Pead. |

---

## I.     RELIEF SOUGHT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,[1] Defendants Park City

Municipal Corporation, James Rodrigues, Cameron Thor, Keltsey Ware and Craig Proctor (the

---

[1] The Park City Defendants recognize the Tenth Circuit has "clarified that a dismissal based on *Younger* abstention is not a dismissal 'for lack of jurisdiction' within the meaning of the federal rules." *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) (unpublished) (citing *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8

"Park City Defendants") move to dismiss Michael Franchek's ("Mr. Franchek") claims for equitable relief and to stay his claims for damages under 42 U.S.C. § 1983. The requested dismissal and stay are required under *Younger v. Harris*, 401 U.S. 37 (1971), in light of the criminal case that is currently pending against Michael Franchek in state court. Alternatively, Defendants request that the Court dismiss Mr. Franchek's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pursuant to Federal Rules of Civil procedure 12(b)(1), 12(b)(6) and 17(b)(1), Defendants also seek dismissal of claims brought by or on behalf of JF, Mr. Franchek's minor son, on grounds that Mr. Franchek lacks standing to bring claims on JF's behalf,[2] and JF otherwise lacks capacity to sue. Defendants, alternatively, seek a stay or dismissal of JF's claims under rule 12(b)(1), *Younger* or *Heck*.

## II.    BACKGROUND

### A.    The State Criminal Case.

1.    On May 29, 2020, Salt Lake City, on behalf of Park City Municipal Corporation, filed an information against Michael Franchek in *State v. Franchek*, Case No. 201200366,

---

(10th Cir. 2013)).  Rather, "'*Younger* is a doctrine of abstention . . . under which a District Court may decline to exercise . . . its jurisdiction.'" *Id.* (quoting *Osguthorpe*, 705 F.3d at 1230 n.8). It appears, however, that Rule 12(b)(1) is the appropriate vehicle to raise *Younger* abstention. *See* § 1350 Motions to Dismiss—Lack of Jurisdiction Over the Subject Matter, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("Courts have recognized a variety of other defenses that one normally would not think of as raising subject-matter jurisdiction questions when considering a Rule 12(b)(1) motion, such as . . . the subject matter is one over which the federal court should abstain from exercising jurisdiction." (citing cases)).

[2] *Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1047 (D.N.M. 2020) ("Motions to dismiss for lack of standing are properly brought pursuant to rule 12(b)(1), because standing is a jurisdictional matter") (cleaned up).

2

Summit County Justice Court, Summit County, State of Utah (the "Criminal Case"). (Criminal Docket, Exh. 1; Information, Exh. 2.)

2.      In the Criminal Case, Mr. Franchek was charged with one count of Interference with Arresting Police Officer, one count of Failure to Disclose Identity, and one count of Disorderly Conduct Creating Offensive Condition, all of which arose from a confrontation that Mr. Franchek had with officers from the Park City Police Department on September 29, 2019. (Information, Ex. 2.)

3.      On March 2, 2021, Salt Lake City filed a Motion in the Criminal Case for a protective order, seeking protection "as to all materials regarding current or former Park City Police Officers involved in [the Criminal Case] in order to protect privacy interests and confidential documents from unnecessary disclosure." (Criminal Docket, Ex. 1; Motion for Protective Order, Ex. 3.)

4.      That same day, Judge Shauna L. Kerr, Justice Court Judge, granted the Motion, ordering that "the personnel documents of current or former Park City Police Department Officers in the [Criminal Case] are hereby protected …." (Protective Order, Ex. 4.) Judge Kerr's order further provides that "[p]rotected material shall be used solely in connection with [the Criminal Case] and for no other purpose or in any other civil or criminal action." (Protective Order, Ex. 4, ¶ 6.). The Order also requires return or destruction of all confidential information at the close of the Criminal Case. (Protective Order, Ex. 4., ¶ 10.)

5.      As part of the proceedings in the Criminal Case, Mr. Franchek has filed a Motion to Dismiss for Failure to Provide Discovery. (Criminal Docket, Ex. 1; Motion to Dismiss for Failure to Provide Discovery, Ex. 5). As part of that Motion, Mr. Franchek identifies discovery

that he believes is missing: "there should be body cams of the police officers illegally entering into Mr. Franchek's home without a warrant and without witnessing Mr. Franchek commit a crime." (Motion to Dismiss for Failure to Provide Discovery, Ex. 5, p. 5.) Mr. Franchek then describes the import of the evidence: "that is obviously exculpatory evidence, but has yet been provided to the Defendant." (Motion to Dismiss for Failure to Provide Discovery, Ex. 5, p. 5.)

6.      Mr. Franchek also indicates in the Motion, moreover, that dismissal of the Criminal Case is appropriate because "law enforcement officers in [the Criminal Case] exceeded their authority." (Motion to Dismiss for Failure to Provide Discovery, Ex. 5, p. 2.)

7.      As of the date of this Motion, Mr. Franchek's criminal case remains pending. (Criminal Docket, Ex. 1.)

**B.      The Present Civil Rights Case.**

8.      Mr. Franchek filed the Complaint in this matter on September 27, 2021.  (Compl., Dkt. No. 1.)

9.      Mr. Franchek appears to have asserted several claims against Defendants under § 1983 for various alleged violations of his constitutional rights, which occurred on September 29, 2019 involving the same events that gave rise to Mr. Franchek's indictment in the Criminal Case. (Compl., Dkt. No. 1-1, pp. 1-3.)

10.      These appear to include claims that one or more of Defendants unlawfully entered Mr. Franchek's home without a warrant or probable cause, unlawfully arrested, tasered, and assaulted Mr. Franchek and JF, failed to provide *Miranda* warnings, deprived Mr. Franchek of his right to counsel, unlawfully interfered with JF's efforts to record the arrest, and conspired to

bring unfounded and fabricated criminal charges against Mr. Franchek in state court. (Compl., Dkt. No. 1-1, pp. 1-3.)

11.     As a result of these alleged constitutional violations, Plaintiffs seek compensatory and punitive damages. (Compl., Dkt. No. 1, p. 5; Compl., Dkt. No. 1-1, p. 4.)  Plaintiffs also seek equitable relief in the form of a Court-ordered, written apology and the unsealing of records pertaining to Officer Rodrigues. (Compl., Dkt. No. 1, p. 5; Compl., Dkt. No. 1-1, p. 4.)

12.     The Complaint alleges that JF's damages arise, at least in part, from emotional trauma occasioned by watching police officers violate his father's constitutional rights. (Compl., Dkt. No. 1, p. 5.)

13.     The Complaint lists Mr. Franchek's and JF's "[a]ddress" as being in Park City, Utah, and alleges that JF is a minor. (Compl., Dkt. No. 1, pp. 1 and 2.)

14.     The Complaint is signed by Michael Franchek, but not JF. (Compl., Dkt. No. 1, p. 6.)

### III.     ARGUMENT

**A.** ***Younger* abstention requires the Court to dismiss Mr. Franchek's personal claims for equitable relief and stay Mr. Franchek's claims for damages. [3]**

"Under *Younger* abstention, federal courts should generally abstain from interfering with ongoing state criminal proceedings out of respect for state functions and the independent operation of state legal systems."  *Wilson v. Morrissey*, 527 F. App'x 742, 743 (10th Cir. 2013)

---

[3] Because the *Younger* doctrine dictates the Court abstain from exercising jurisdiction, it "require[s] the district court *not to rule* on the merits of [the federal-plaintiff's] complaint." *Goings v. Summer Cnty. Dist. Attorney's Office*, 571 F. App'x 634, 639 n.4 (10th Cir. 2014) (unpublished); *see also id.* at 639 ("[I]t was improper for the district court to rule on the merits of Mr. Goings's complaint under Rule 12(b)(6), where the conditions were satisfied for application of Younger abstention."). Accordingly, Defendants have not raised alternative bases for dismissal under Rule 12(b)(6).

(unpublished) (cleaned up). This reflects the fact "it has long been the policy of the federal courts not to interfere with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated." *Fisher v. Whetsel*, 142 F. App'x 337, 338 (10th Cir. 2005) (unpublished).

> In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotation marks omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* The Tenth Circuit has "adhered strictly to this rule." *Goings v. Summer Cnty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) (unpublished).

Applying this doctrine under circumstances very similar to those presented here, the Tenth Circuit has held abstention was required, explaining, "There can be no serious question that each of the *Younger* factors is met in this case." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007). In *Buck*, "[a]t the time of dismissal, both the criminal case against Buck and his state civil [rights] case were ongoing." *Id.* The Tenth Circuit recognized that "[t]he State of Utah has an important interest in its criminal proceedings." *Id.* And, finally, "Buck fail[ed] to show that he does not have an adequate opportunity in state court to litigate federal constitutional issues; indeed, he has raised such issues in his parallel civil complaint." *Id.*

Here, as in *Buck*, "[t]here can be no serious question that each of the *Younger* factors is met." *Id.* First, there is an ongoing state criminal proceeding against Michael Franchek—*State v. Franchek*, Case No. 201200366, Summit County Justice Court, Summit County, State of Utah—and, as of the filing of this Motion, that case remains pending (Criminal Docket, Ex. 1.) Second, there is nothing to indicate the state court is an inadequate forum to hear the claims Mr. Franchek has raised in this case through his claims under § 1983. As Mr. Franchek indicated in the Motion to Dismiss filed in the Criminal Case, he intends to argue that the police entering his home without a warrant, arresting him without probable cause, and acting outside the scope of their authority all constitute affirmative defenses to the charges brought in the Criminal Case. Finally, as the Tenth Circuit recognized in *Buck*, "[t]he State of Utah has an important interest in its criminal proceedings." *Buck*, 244 F. App'x at 197.

Because each of the three *Younger* factors is met, dismissal of Mr. Franchek's claims for equitable relief is required, including his requests for a written apology and for unsealing of records.[4] *See Goings*, 571 F. App'x at 638 ("Once these requirements have been met, *Younger* abstention *dictates* that the federal courts not interfere." (internal quotation marks omitted)). Mr. Franchek's claims for damages must be stayed pending resolution of the state criminal proceedings against him. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir.

---

[4] A "federal plaintiff may overcome the presumption of abstention in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (internal quotation marks omitted). Here, there is no indication that any threat to Mr. Franchek's "federally protected rights … cannot be eliminated by defense against a single prosecution"—the "only" circumstance in which there is irreparable injury. *Id.* (internal quotation marks omitted). And, "it is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

2004) ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.  The rationale for *Younger* abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final."); *Buck*, 244 F. App'x at 198 ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should stay federal proceedings on the damage claims, not dismiss the action altogether.").

**B.  *Heck v. Humphrey*, alternatively, requires dismissal of Mr. Franchek's claims.**

In *Heck v. Humphry*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

Although the precise nature of the claims against Defendants is less than clear, it appears that they call into question the validity of the charges brought in the Criminal Case. For instance, it appears that Mr. Franchek alleges that one or more of Defendants unlawfully entered Mr. Franchek's home without a warrant or probable cause, that Defendants unlawfully arrested, tasered, and assaulted him, that Defendants failed to provide *Miranda* warnings and deprived him of his right to counsel, and conspired to bring unfounded and fabricated criminal charges against him. These claims necessarily call into question the validity of the charges brought in the

Criminal Case. *See Smith v. Idaho*, No. 2:08-CV-445 TC, 2009 WL 1940028, at *2 (D. Utah July 2, 2009) *aff'd*, 364 F. App'x 444 (10th Cir. 2010) ("Plaintiff's Complaint obviously seeks a determination that various aspects of his criminal prosecution, conviction and state appeals process were unconstitutional. Because Plaintiff's claims are inextricably linked to the validity of his conviction and confinement, based on *Heck*, they are not cognizable under § 1983 absent a showing that Plaintiff's conviction or confinement have previously been invalidated through proper channels."). To be sure, Mr. Franchek has alleged in the Criminal Case that Defendants' alleged unlawful entry, alleged unlawful arrest and alleged abuse of authority exculpate him from liability in the Criminal Case. Accordingly, the Court should dismiss Mr. Franchek's claims under *Heck*.[5]

### C. Mr. Franchek lacks standing to bring claims on behalf of JF, and the Court therefore should dismiss claims that Mr. Franchek attempts to bring on JF's behalf.

In addition to his own claims, it appears that Mr. Franchek is also attempting to pursue claims on JF's behalf. Mr. Franchek lacks standing to do so. "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (cleaned up). Further, "the core component of standing is an essential and

---

[5] Defendants acknowledge authority for the proposition that *Heck* does not apply until there is a conviction. *See Ellsworth v. Harris*, 2014 WL 7338942, at *4 (D. Colo. Dec. 23, 2014) ("*Heck* does not apply to anticipated future convictions"); *see also Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("the *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment"). Defendants raise arguments under *Heck* here, in part, to avoid waiving the same. Defendants also believe, however, that *Heck* should apply to pre-conviction proceedings. A contrary rule would risk federal litigation "call[ing] into question" the propriety state-court proceedings or risk having "two conflicting resolutions arising out of the same or identical transaction" – the very sort of evils that *Heck* sought to avoid. 512 U.S. at 484, 487. Accordingly, the best to way further *Heck's* underlying purpose is by extending *Heck* to pre-conviction proceedings.

unchanging part of the case-or-controversy requirement of Article III" of the U.S. Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id.* at 561.

"Apart from this minimum constitutional mandate, [the United States Supreme Court] has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). For example, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, ... the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.*

Because Mr. Franchek is not an attorney, has not retained an attorney, and is proceeding pro se in this case, he cannot pursue claims on behalf of his son. *Gallacher v. Kisner*, 2009 WL 2058432, at *10 (D. Utah July 15, 2009) (holding that father lacked standing to bring § 1983 claims on behalf of minor son); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) ("a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Fed. R. Civ. P. 17(c) (dealing with capacity of a minor to sue or be sued). To the extent Mr. Franchek is attempting to pursue claims on JF's behalf, those claims fail for lack of standing.

**D.  The Complaint lacks allegations that JF has legal capacity to sue.**

If JF is attempting to bring a claim on his own behalf,[6] the Complaint lacks allegations that he has the capacity to do so. "[T]he right of access to federal courts is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisdiction." *Murray v. Dosal*, 150 F.3d 814, 817 (8th Cir. 1998). Congress has prescribed that in federal court, litigants may plead and conduct "their own cases personally." 28 U.S.C. § 1654. As authorized by Congress, a minor's capacity to sue in federal court is determined by the law of her domicile. *See* Fed. R. Civ. P. 17(b)(1) ("Capacity to sue or be sued is determined … by the law of the individual's domicile"); *see also* 28 U.S.C. § 2072 (authorizing the Supreme Court to "prescribe general rules of practice and procedure" for federal courts, which nullify any conflicting laws); *Hentif v. Obama*, 733 F.3d 1243, 1246 (D.C. Cir. 2013) ("A rule of procedure, 'if within the power delegated to [the Supreme Court], has the force of a federal statute.'") (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13 (1941)).

Here, the Complaint alleges that JF is a minor, but contains no allegations that JF is domiciled in a state where minors have capacity to sue. The Complaint, rather, alleges that JF's address is in Park City, Utah, and the law is clear that minors domiciled in Utah have "no legal capacity to sue." *Lee v. Gaufin*, 867 P.2d 572, 578 (Utah 1993). The Complaint, in short, contains no allegations establishing capacity to sue and, in fact, affirmatively alleges facts to the contrary. Under these circumstances, the Court should dismiss JF's claims for failure to state a claim.

---

[6] It appears that JF is not bringing a claim on his own behalf. He did not sign the Complaint. The only signatory to the Complaint is Mr. Franchek. This therefore appears to be a situation where Mr. Franchek is bringing a claim on JF's behalf, and dismissal is appropriate under section III.C *supra*.

**E.**   ***Younger* and *Heck* otherwise compel dismissal or a stay of JF's claims.**

  *Younger* abstention otherwise compels dismissal of JF's equitable claims and a stay of his damages claims. As the Tenth Circuit explained in *D.L. v. Unified Sch. Dist. No. 497*, there are circumstances where it is "improper under *Younger* to exercise federal jurisdiction" over claims held by nonparties "to the state-court suit." 392 F.3d 1223, 1231 (10th Cir. 2004). These include situations where there is a "familial relationship" with "preclusive consequences." *Id*. Here, there is a familial relationship between Mr. Franchek and JF. The former is the father of the latter. This relationship, moreover, has preclusive consequences. As a minor JF lacks capacity to bring suit on his own behalf, and his claims must come through a guardian or similarly situated fiduciary. *See* Fed. R. Civ. Proc. 17(c).[7] Given this reality, a judgment binding Mr. Franchek also would bind JF. *See* 392 F.3d at 1231 ("person is bound by judgment binding 'executor, administrator, *guardian,* conservator, or similar fiduciary manager of an interest of which the person is a beneficiary'") (quoting Restatement (Second) of Judgments § 41(1)(c)).

  This is especially true where, as here, JF's damages derive, at least in part, from trauma and stress allegedly caused by watching the police violate his father's constitutional rights. *See* Compl. (alleging the JF was "emotionally scarred" by the incident writ large). A finding at the state-court level that entry into Mr. Franchek's home and that Mr. Franchek's arrest were lawful would preclude JF from recovering damages for stress or emotional trauma arising therefrom. Stress or emotional trauma occasioned by lawful police action are not actionable under § 1983.

  Though *D.L. v. Unified Sch. Dist. No. 497* involved interpretation of *Younger*, its reasoning extends to cases involving *Heck*. Both *Younger* and *Heck*, after all, deal with the same

---

[7] *See also* section III.C *supra*.

underlying principle – comity between state and federal courts and the reluctance of the federal judiciary to interfere with or undermine state-court proceedings. *See generally Heck*, 512 U.S. 477; *Younger*, 401 U.S. 37. Accordingly, because there is a familial relationship between Mr. Franchek and JF with preclusive consequences, the Court also should dismiss JF's claims under *Younger* or *Heck*.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against Defendants under *Heck v. Humphrey*. The Court, alternatively, should dismiss the equitable claims and stay the damages claims under *Younger* abstention.

DATED this 27th day of October, 2021.

SNOW CHRISTENSEN & MARTINEAU

*/s/ Heather S. White*
Heather S. White
Dani N. Cepernich
Bryson R. Brown
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2021, I electronically filed the foregoing

**PARK CITY DEFENDANTS' MOTION TO DISMISS OR STAY** with the Clerk of the

Court using the CM/ECF System and served a true and correct copy *via email* to the following:

> Michael J. Franchek
> 2100 Park Ave. #682822
> Park City, UT 84068
> michaeljfranchek@gmail.com
> *Plaintiff – Pro Se*

*/s/ Annette Gamero*