# EXHIBIT 4

The Order of the Court is stated below:
**Dated:**   March 02, 2021        **/s/**   SHAUNA L KERR
                 10:04:39 AM                          Justice Court Judge

Sim Gill, Bar No. 6389
SALT LAKE CITY PROSECUTOR
Scott A. Fisher, Bar No. 06728
First Assistant City Prosecutor
Salt Lake City Prosecutor's Office
35 East 500 South, 2nd floor
Salt Lake City, Utah 84111

## IN THE PARK CITY JUSTICE COURT
## IN AND FOR THE CITY OF PARK CITY, STATE OF UTAH

| | |
|---|---|
| SALT LAKE CITY,<br>A Municipal Corporation,<br>On behalf of Park City,<br>A Municipal Corporation,<br>And the State of Utah,<br><div align="right">Plaintiff,</div><br>vs.<br><br>MICHAEL FRANCHEK,<br><div align="right">Defendant.</div> | **PROTECTIVE ORDER**<br><br>Case No. 201200366<br><br>Judge SHAUNA L KERR |

Based on the foregoing Motion, and good cause appearing therefore, this Court ORDERS that the personnel documents of current or former Park City Police Department Officers in the above-entitled matter are hereby protected as follows:

1. Until further written agreement of the parties or further Order of this Court, all documents, records, recordings, and information contained in the involved officers' personnel files, which have been or will be disclosed during the course of this matter shall be handled in accordance with this Protective Order.

2. Documents or information may be designated confidential by stamping and/or writing "CONFIDENTIAL" on each page of the confidential document. Documents may also be designated confidential by requesting confidential treatment, in writing, delivered within 30 days after production. Confidential documents shall consist of those documents which

a party believes in good faith require special protection. Confidential Documents may include, without limitation, Statutorily Protected Documents as defined herein, regarding personal information of current or former Park City law enforcement officers.

3.  Statutorily Protected Documents shall consist of those documents covered by specific, applicable federal or state statutes. They shall include, without limitation, documents covered by the Utah Government Records Access and Management Act ("GRAMA"), Utah Code Ann. § 63G-2-101, et seq.  Statutorily Protected Documents may include, without limitation, records in the possession, custody and control of the originating agency that are private, controlled and/or protected records as defined in GRAMA, and provided for consideration in this matter.  For example:

    a.  records concerning a current or former employee of, or applicant for employment with, a governmental entity, including performance evaluations, disciplinary decisions, and personal status information such as race, religion, or disabilities, but not including records that are public under Subsection 63G-2-301(2)(b) or 63G-2-301(3)(o), or private under Subsection 63G-2-302(1)(b), which are restricted by Utah Code Ann. § 63G-2-302(2)(a);

    b.  records created or maintained for civil, criminal, administrative, or disciplinary purposes and restricted by Utah Code Ann. § 63G-2-305(10);

    c.  records which if disclosed would jeopardize the life or safety of an individual (Utah Code Ann. 63G-2-305(11)), or the security of governmental property (Utah Code Ann. 63G-2-305(12));

2

d. records prepared for litigation or administrative proceeding as per Utah Code Ann. 63G-2-305(18);

e. records containing data on individuals, the disclosure of which constitutes a clearly unwarranted invasion of personal privacy and which are restricted by Utah Code Ann. §63G-2-302(2)(d);

f. records containing private information concerning certain government employees categorized as "at risk" pursuant to Utah Code Ann. 63G-2-303;

g. records, other than personnel evaluations, that contain personal recommendations concerning an individual, the disclosure of which constitutes a clearly unwarranted invasion of personal privacy which are restricted by Utah Code Ann. §63-2-305(25); or

h. records that, if disclosed, would jeopardize the security or safety of a correctional facility, or records related to incarceration, treatment, probation, or parole, that would interfere with the control and supervision of an offender's incarceration, treatment, probation, or parole and which are restricted by Utah Code Ann. 63G-2-305(13).

4. All documents produced and designated as "CONFIDENTIAL," or deemed "CONFIDENTIAL," including extracts and summaries containing confidential information, will be kept confidential and will not be disclosed to anyone else except to the following and then only under conditions necessary to protect their confidentiality:

a. Unless otherwise ordered by this Court or consented to in writing by the Park City Police Department, any and all such protected "CONFIDENTIAL" material may

3

be used only to the extent necessary to prosecute or defend the above captioned

action, including necessary discovery, and may be viewed and/or inspected only

by:

     i.  the Assigned Judge; and

    ii.  attorneys for the parties for the limited purpose of this specific matter

       (case 201200366).

5. Prior to disclosing any document designated "CONFIDENTIAL" to any of the

individuals listed in paragraph 4(a), the parties or their counsel must inform the

individual of the terms of this Protective Order and the individual must agree to be bound

by and comply with such terms. Any counsel who discloses Confidential Documents,

including extracts and summaries containing confidential information, shall be

responsible for informing individuals and entities about this Order in compliance with

this provision.

6. Protected material shall be used solely in connection with this matter (case 201200366),

and for no other purpose or in any other civil or criminal action.

7. If documents designated as "CONFIDENTIAL" are filed with this Court, counsel for the

parties are directed to file those documents under seal. Confidential Documents for file

under seal shall be placed in an envelope marked "Sealed" or otherwise submitted to the

Court via an electronic process ensuring confidentiality.

8. Any Confidential Documents, including extracts and summaries containing confidential

information, if filed with this Court, and any brief referring to Confidential Documents,

shall be kept by the parties under seal. Furthermore, an entire transcript or set of

discovery may be filed under seal for the convenience of the parties, but only the designated portions shall be deemed subject to the above confidentiality requirements.

9.  Any Confidential Documents, including extracts and summaries containing confidential information, if filed with the Court, and any brief referring to Confidential Documents, shall be kept by the Court under seal.

10. At the conclusion of this case, all physical, hardcopy Confidential Documents, including extracts, summaries, or briefing containing confidential information, shall be returned to the City no later than seven days after the appeal time has tolled.  Any digital documents shall be deleted and an affidavit confirming that deletion shall be filed with the court within seven days after the expiration of any appeal timeframes.

11. During any hearing in this matter, the parties and their counsel will take steps to avoid disclosing confidential information, including redacted information, related to third parties which may be contained in Confidential Documents.

12. Neither the disclosure of any confidential and protected material by the Salt Lake City Prosecutor's Office to Defendant, nor the stipulation to the entry of this Protective Order, shall be construed as a waiver of any objection the City may have to the relevancy or admissibility of all or any part of such confidential and protected material.

13. If a witness refuses to agree to the nondisclosure provisions of this Order, disclosure of Confidential Documents during the trial shall not constitute a waiver of confidentiality. Under such circumstances, no copy of the transcript or exhibits shall be retained by any other parties.

14. To the extent the City claims that documents are private, controlled or protected by GRAMA, this Court finds that this Protective Order complies with GRAMA in that:

    a.  the records at issue deal with a matter in controversy over which this Court has jurisdiction;

    b.  the Court has considered the merits of the request for access to the records;

    c.  the Court has considered and, where appropriate, limited the parties use and further disclosure of the records in order to protect privacy interests in the case of records protected under Utah Code Ann. §§63G-2-302, -303, -305 and privacy interests or the public interest in the case of other protected records;

    d.  to the extent the records are properly classified private, controlled, and/or protected, the interests favoring access, considering limitations thereon, outweigh the interests favoring restriction of access;

    e.  where access is restricted by a rule, statute, or regulation referred to in Utah Code Ann. § 63G-2-201(3) (b), the Court has authority independent of the chapter to order disclosure;

    f.  that this Order complies with Utah Code Ann. § 63G-2-202 (7); and

    g.  Utah Code Ann. § 63G-2-801 (1)(a) penalties do not apply to records produced pursuant to this order.

15. This Protective Order is without prejudice to the right of Defendant to bring before the Court, at any time, the question of whether or not any such protected material is in fact confidential.

16. This Protective Order is without prejudice to the rights of either party to ask the Court to either amend or modify the Protective Order with respect to any particular matter.

17. The inadvertent production of information or any document during this matter shall be without prejudice. If a producing party inadvertently produces a document, the receiving party shall return the original and all copies pursuant to a written request and shall not use any information obtained unless allowed to do so by the Court.

18. Parties who improperly disclose or release documents subject to the terms of this Protective Order are subject to sanctions by the Court.

Signature appears at the top of the first page.

7

Re: Case No. 201200366
Michael Franchek

## **CERTIFICATE OF DELIVERY**

The undersigned hereby certifies that on the _____ day of March, 2021, they delivered a true and correct copy of the foregoing PROTECTIVE ORDER to the entity/person listed below by:

( ) U.S. Mail


( X ) Electronic Mail/E-filing to


( X )    Attorney for the Defendant
JESSICA WINTERS PETERSON #11805
Attorney for the Defendant
J. PETERSON LAW, PLLC
2750 Rasmussen Road, Suite H-105
Park City, UT 84098
Tel (435) 339-9395
jp@jessicapetersonlaw.com



( )      Defendant



*/s/ Scott A. Fisher*
Office of the Salt Lake City Prosecutor
35 East 500 South, 2nd Floor

Salt Lake City, Utah 84111
Telephone: 385-468-7885