# EXHIBIT 5

Rudy J. Bautista, (8636)
BAUTISTA & CAMPBELL, PC
136 E South Temple, Suite 1530
Salt Lake City, Utah 84111
Telephone: (801) 428-9847
Mobile: (801) 232-5311
Email: rudy@boslaw.com

Attorney for the Defendant

IN THE SUMMIT COUNTY JUSTICE COURT
IN AND FOR SUMMIT COUNTY, STATE OF UTAH

| SALT LAKE CITY,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL FRANCHEK,<br><br>    Defendant. | MOTION TO DISMISS FOR FAILURE TO PROVIDE DISCOVERY<br><br><br><br>Case No. 201200366MO<br><br>Judge Shauna L. Kerr |
|---|---|

Comes now the Defendant, Michael Franchek, by and through counsel of record, pursuant to Rules 16 and 25 of the *Utah Rules of Criminal Procedure* and Utah Code §77-1-7, and hereby moves this court for an Order Dismissing all charges filed in the above-captioned case incorporating herein all prior request and demands for discovery previously filed. As detailed below, this motion is based on grounds that the Government of the City of Salt Lake (Government), by and through counsel, has impeded the furtherance of justice, and caused an unreasonable and unconstitutional delay by withholding required discovery materials from the defense.

I. RELEVANT FACTS AND PROCEDURAL SUMMARY

On May 29, 2020, the Government filed an Information against the Defendant alleging one count of Interference with Arresting Peace Office, a class B misdemeanor, in violation of Utah Code §76-8-305; one count of Failure to Disclose Identity, also a class B

1

misdemeanor, in violation of Utah Code §76-8-301.5; along with a disorderly conduct creating offensive condition, an infraction, in violation of Utah Code §76-9-102. The Information alleges these violations occurred on or about September 29, 2019.

On July 22, 2021, current counsel filed a substitution of counsel and a formal request for discovery. On August 25, 2021, a hearing was held and counsel reported that the defense had not been provided discovery. The parties discussed issues regarding discovery with the Court and informed all of its intent to file a motion to dismiss because law enforcement officers in the present matter exceeded their authority. Counsel for the Defendant reminded the Government of its Constitutional and Statutory responsibilities regarding discovery. Former counsel for Mr. Franchek, who happened to have another hearing, volunteered that she would ensure discovery was provided, however current counsel demanded a complete set be provided by the Government. The case was continued to September 29, 2021.

Having not received any discovery, counsel for Mr. Franchek emailed the assigned prosecutor, Scott Fisher by email informing him that the defense had yet to receive discovery and requested it be sent. Instead of complying, counsel for the Government again dodged its constitutional requirements and over a series of emails, continued to ignore defense counsels continued requests for discovery as of the date of this motion, no discovery has been provided.

As noted in the court record, the demand for discovery has been aptly noted, along with a renewed verbal demand at the August 25, 2021, hearing and subsequent repeated emails between September 2, 2021, and September 13, 2021. Each of these discovery demands, along with the applicable State and Federal case law, require the Government to provide all discovery that has not yet been provided. *Brady v. Maryland*, 373 U.S. 83, 87 (1963), ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). *United States v. Bagley*, 473

2

U.S. 667, 676, (1985) (the United States Supreme Court rejects distinctions between exculpatory evidence and impeachment evidence). *Kyles v. Whitley*, 514 U.S. 419, 438 (1995) (a prosecutor has a duty to disclose evidence in police possession even if said prosecutor does not know that the evidence exists). *United States v. Agurs*, 427 U.S. 97, 107 (1976) (the duty to disclose exculpatory evidence exists even if the defense does not request it). *Tillman v. State*, 2005 UT 56, ¶27 (the Utah Supreme Court affirmed and incorporated the above cited cases into Utah State case law.)

Further, "[t]he State has the duty to produce inculpatory evidence fully and forthrightly to avoid misleading the defense." *State v. Kallin*, 877 P.2d 138, 143 (Utah 1994). Whether prosecutors produce inculpatory evidence by order of the Court or by a request from the defendant, they must comply fully and forthrightly. *Id. See also* State v. Knight, 734 P.2d 913, 916-17 (Utah 1987) (when a prosecutor makes a voluntary disclosure or by request of the defendant of inculpatory evidence, then they must disclose all of the evidence or explain what they will not disclose, in an ongoing manner).

II. STATEMENT OF CONTROLLING LAW

Rule 25 of the *Utah Rules of Criminal Procedure* (hereinafter "Rule 25") requires dismissal of an information or indictment when there is "unreasonable or unconstitutional delay in bringing defendant to trial." It also states the Court, based on its discretion, may dismiss a case "for substantial cause and in furtherance of justice." This rule calls for mandatory dismissal, stating that "[t]he court *shall dismiss* the information" when the delay is either unreasonable or unconstitutional. Id. (emphasis added). Withholding clearly material evidence requested under Rule 16 of the *Utah Rule of Criminal Procedure* (hereinafter "Rule 16") is unreasonable and impedes justice. Also, as previously stated, the United States Supreme Court and the Utah Supreme Court have held that withholding discovery is a violation of the both the Utah and the United States Constitutions. See *Brady*, *Bagley*, *Tillman*, *et al*. above. Therefore, withholding discovery generally is either unreasonable,

3

unconstitutional, or both. In the case of exculpatory discovery, *Tillman* explains that a defendant need not make a request for discovery and the non-disclosure by the Government is so violative of the Utah Constitution (incorporating the United States Constitution) that dismissal is not only warranted, but mandatory. *Tillman* 2005 UT 56 at ¶ 27**.** See also Rule 25 of the *Utah Rules of Criminal Procedure*.

Further, Rule 16 describes the process of disclosure of material and information and the consequences for failing to do so via subsection *(g)*. Simply, if the party who has been victim of a failure to disclose is allowed a remedy--The offending party may not be able to introduce the evidence not disclosed. In this case, that remedy would be windfall for the Government as the majority of the requested materials and information are exculpatory in nature. Obviously, excluding the evidence would be inappropriate. Last, a court may enter such other order as it deems just under the circumstances. In this case, and because the materials requested are in large part exculpatory, Rule 25 elucidates the appropriate remedy.

III. LEGAL ARGUMENT

   a. <u>Defense counsel cannot perform their required duties without access to necessary discovery materials.</u>

It is a fundamental principle of Sixth Amendment jurisprudence that a person facing prosecution for a crime not only has the right to be represented by counsel, but also has the right to have the effective assistance of counsel. See, e.g., *Strickland v. Washington*, 466 U.S. 668 (1984). Rule 1.1 of the *Utah Rules of Professional Conduct* (requiring a lawyer engaged to represent a client must "provide competent representation" to that client). Competent representation requires not only legal knowledge and skill, but also the exercise of the "thoroughness and preparation reasonably necessary for the representation." Id. Comments to Rule 1.1 state that competent representation includes "inquiry into and analysis of the factual and legal elements of the [matter]." Id. (emphasis added)

Without access to the factual information and evidence that exist in the discovery materials in the Government's possession, but not provided to the Defense, the Defense is

4

unable to engage in any meaningful "inquiry into and analysis of the factual . . . elements" of the present case. This includes hiring the necessary forensic computer/phone experts to analyze the electronic data in the Government's possession for example. The discovery provided at this time raises serious questions that need to be answered. It will require access to all the requested and required evidence to answer them.

This is a circumstance in which the Government has multiple aspects of discovery that are certainly exculpatory. For example, there should be body cams of the police officers illegally entering into Mr. Franchek's home without a warrant and without witnessing Mr. Franchek commit a crime.  Again, that is obviously exculpatory evidence, but has yet been provided to the Defendant.

Without the requested evidence, counsel for the Defendant cannot appropriately and thoroughly prepare to represent Mr. Franchek.  No attorney could provide the "competent" representation required by Rule 1.1 of the *Utah Rules of Professional Conduct*. Without competent representation, the Defendant will be deprived of his Constitutional right to the effective assistance of counsel. See, *Strickland*, 466 U.S. 668.

b. <u>Government prosecutors have a duty to make discovery disclosures "as soon as practicable following the filing of charges."</u>

Rule 16(b) of the *Utah Rules of Criminal Procedure* governs the timing of disclosure by the prosecution and states in relevant part, "The prosecutor shall make all disclosures as soon as practicable following the filing of charges. . . ." This is the standard upon which to judge the reasonableness of any delay or impediment on the furtherance of justice.

The events supporting the charges in this case are alleged to have occurred on September 29, 2019. The government filed a formal Information in this case on May 29, 2020.  Current counsel first discovery request was filed July 29, 2021. The second request was done orally at the pretrial conference on August 25, 2021. The third on September 2, 2021 and the fourth was on September 13, 2021. The Government has had more than sufficient time to fulfill their required discovery responsibilities. After almost two months of

5

delay, the Government is still withholding required discovery materials without any explanation. To be clear, there are items and information currently being withheld from the Defendant with no reason given as to why there is a delay at best, or a refusal at worst to render these materials, exculpatory and required aspects of discovery. No reason given is axiomatically unreasonable. The delays that have already occurred cannot be cured, and any further delay must be elucidated for what they are, unreasonable and unconstitutional.

  c. <u>The State's withholding of discovery has resulted in unreasonable and unconstitutional delays, has impeded the furtherance of justice and requires a dismissal of the case.</u>

For the reasons stated above, the Defense cannot prepare for the upcoming hearing, or file the appropriate motions, or otherwise perform the duties required of them under the United States Constitution, the Utah State Constitution or the Utah Rules of Professional Conduct without having access to necessary exculpatory and otherwise material evidence held by the Government. The Government is obligated to provide these discovery materials; it is their Constitutional duty and their duty under Rule 16 of the *Utah Rules of Criminal Procedure*.

At present, the Government, which has had in part the requested discovery since before filing the information. Effectively, the Government is eliminating from the Defense the ability to both analyze the evidence themselves for both regular and affirmative defenses, and to hire expert consultants and witnesses to do the same. In a case with so much digital evidence, etc., counsel for the Defendant may be committing malpractice if it did not consult with at least one expert regarding any and all of these still withheld items of evidence.

The Government's withholding of required evidence has caused unreasonable and unconstitutional delays, and has impeded the furtherance of justice. They have done this by not providing the Defense discovery as required by Rule 16 of the *Utah Rules of Criminal Procedure*. Under these circumstances, Rule 25 of the *Utah Rules of Criminal Procedure* requires dismissal of the case because the delay in providing discovery is not only

unreasonable but unconstitutional. Further, the delay impedes the Court's goal of furthering justice.

d.  Remedies.

As previously described, Rule 16 has a number of remedies including a catchall that the court "may enter such order as it deems just under the circumstances." While Rule 25 requires dismissal. Accordingly, the remedy for these delays and lack of response by the Government is necessary now. The Defendant is requesting a dismissal at this time. If and when the Government can produce to the defense all of the evidence necessary to proceed, the Government may cure the dismissal. Until such time, the Defendant should not be facing the criminal condemnation without hope that the Government will comply with law aforementioned. There is no indication as to the date of this writing that the Government is going to comply, and as they have given no reason why they cannot. These delays are unreasonable as no reason has been given, and accordingly unconstitutional. Wherein there is exculpatory evidence in the form of body cam videos, the delays explained above are unconstitutional.

IV. CONCLUSION

For the reasons stated herein, the Defendant respectfully requests that this court order the dismissal of this case.

DATED this 21st day of July, 2021.

/s/ Rudy J. Bautista
Rudy J. Bautista
Attorney for Mr. Franchek

CERTIFICATE OF SERVICE

Counsel for Plaintiff is a participant in the court's e-filing program, and should therefore have been served electronically with a copy of the foregoing upon e-filing thereof on this 21st day of September, 2021.

/s/ Julie Sorensen

7