IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL J. FRANCHEK,<br><br>Plaintiff,<br><br>v.<br><br>PARK CITY MUNICIPAL CORPORATION, OFFICER JAMES RODRIGUES, CAMERON THOR, KELTSEY WARE, and CRAIG PROCTOR,<br><br>Defendants. | RULING & ORDER<br><br>Case No. 2:21-cv-00563<br><br>Magistrate Judge Dustin B. Pead |

On September 27, 2021, Plaintiff Michael J. Franchek ("Plaintiff" or "Mr. Franchek") filed this civil rights action against Defendants Park City Municipal Corporation, James Rodrigues, Cameron Thor, Keltsey Ware and Craig Proctor (collectively "Defendants"). The parties consented to the jurisdiction of the Magistrate Judge on October 20, 2021. (ECF No. 10); *see* 28 U.S.C. § 636(c).

On October 27, 2021, Defendants filed a Motion to Dismiss Plaintiff's § 1983 claims for equitable relief and to stay Plaintiff's claims for damages ("Motion"). (ECF No. 12.) Mr. Franchek did not file a response. On December 16, 2021, the court issued an Order to Show Cause requiring Plaintiff, within ten days, to provide both a response to the pending Motion and good cause for his failure to timely respond. (ECF No. 13.) The court indicated that after the ten-day time frame it would take Defendants' Motion under advisement, irrespective of Plaintiff filing a response. As of this date, Plaintiff has provided neither a response nor good cause for his untimeliness and the time within which to do so has now expired. Accordingly, upon review and based on the authorities and arguments set forth in Defendants' Motion:

1

1. Pursuant to *Younger v. Harris*[1], Plaintiff's claims for equitable relief in the form of a court-ordered written apology and the unsealing of records pertaining to Officer James Rodrigues are DISMISSED;

2. Since the state criminal proceedings have not terminated, Plaintiff's remaining claims for damages are premature.[2] As a result, those claims are STAYED. Defendants to file a Status Report addressing the status of the underlying criminal state court action and the appropriateness of lifting the stay by March 1, 2022.

3. Plaintiff lacks standing to bring claims on behalf of minor J.F. and any claims brought by Plaintiff on J.F.'s behalf are DISMISSED.[3]

---

[1] 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[2] *See State v. Franchek,* Case No. 201200399, Summit County Justice Court, Summit County, State of Utah. (ECF No. 1); *see also Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2365, 129 L.Ed.2d 393 (1994); *Wallace v Kato,* 549 U.S. 384, 392-93, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2007) ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment") (quotations, emphasis,, and ellipses omitted); *Ellsworth v. Harris,* 2014 U.S. Dist. LEXIS 176686 * 8 (D. Colo. Dec. 23, 2014) ("*Heck* does not apply to anticipated future convictions").

[3] *See Gallacher v. Kisner,* (D. Utah July 15, 2009) ("Because Plaintiff is not an attorney, has not retained an attorney, and is proceeding pro se in this case, he cannot pursue claims on behalf of his son."); *see also, Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (*citing* 28 U.S.C. § 1654)). The Complaint is signed by Michael Franchek, but not J.F. (ECF No. 1 at 6.) However, to the extent that J.F. is attempting to bring claims on his own behalf, those claims are dismissed because the pleading lacks the allegation that J.F., as a minor, has the capacity to do so.

**IT IS SO ORDERED.**

DATED: December 29, 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge